**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PABLO CEPIN, | : | |
| Petitioner, | : | Civil Action No. 17-3726 (CCC) |
| v. | : | **MEMORANDUM ORDER** |
| GEORGE O. ROBINSON, | : | |
| Respondent. | : | |

**CECCHI, District Judge.**

Petitioner Pablo Cepin has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking a judgment and sentence imposed by the State of New Jersey for sexual assault against two minors and related crimes. On October 11, 2017, Petitioner filed an application for *pro bono* counsel, (ECF No. 8), which is the subject of this order.

Petitioners in federal habeas corpus proceedings possess neither a constitutional nor a statutory right to appointed counsel. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Although the Court has discretion to appoint counsel for a financially eligible § 2254 petitioner, *see* 18 U.S.C. § 3006A(a)(2), the Court does so only "if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 264.

> Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were "straightforward and capable of resolution on the record," or the petitioner

had a "good understanding of the issues and the ability to present forcefully and coherently his contentions."

*Id.* (citations omitted).

Here, Petitioner has not established that he is financially eligible for court-appointed counsel. Even if he can establish his indigence, the Court finds that his claims do not appear to be claims that will require an evidentiary hearing at this time; indeed, the Supreme Court has opined that an evidentiary hearing for a § 2254 petition can only be held in very limited circumstances. *See Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). As such, the issues of this case at the present time are "straightforward and capable of resolution on the record." *Reese*, 946 F.2d at 264. Under these circumstances, the Court finds that the appointment of counsel is unnecessary at this time.

IT IS therefore on this ___25___ day of ___May___, 2018,

**ORDERED** that Petitioner's application for *pro bono* counsel, ECF No. 8, is hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular mail.

**SO ORDERED.**

Claire C. Cecchi
United States District Judge

2