**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| PABLO CEPIN, | : | |
| | : | Civil Action No. 17-3726 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GEORGE O. ROBINSON, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**CECCHI, District Judge.**

Petitioner Pablo Cepin filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence imposed by the State of New Jersey for child molestation. ECF No. 1. Respondent filed a Response (ECF No. 10), and Petitioner filed a Reply (ECF No. 13).[1] For the reasons stated below, the Court denies the Petition.

**I.   FACTUAL BACKGROUND**

For the purposes of this Opinion, the Court relies on the facts found by the state appellate court on direct appeal. ECF No. 10-4. The facts are summarized to protect the identities of the victims as best as possible. The victims are two teenage girls who Petitioner sexually molested and assaulted.

The sexual abuse occurred on multiple occasions while the victims were visiting their mother and Petitioner (their stepfather) in New Jersey in August 2007. On each occasion, the respective victim was alone with Petitioner without the other victim's presence. After the girls

---

[1] The Court has also received and reviewed additional submissions from Petitioner. *See* ECF Nos. 14–16.

1

returned to their father and moved with him to North Carolina, they first told each other about the abuse, then their stepmother, then a classmate, a guidance counselor, and finally their father. One week after revealing the abuse to their father, the family drove back to New Jersey, where the girls gave taped statements to detectives in the prosecutor's office.

Petitioner did not testify at trial, but presented his mother and the victims' mother as witnesses. Petitioner's mother disputed one of the victim's account of the events, claiming that the victim was not alone with Petitioner on one of the dates in question. The victim's mother testified that said victim was resentful of her, and that said victim had falsely accused her of making a sex tape with another man. The victims' mother acknowledged, however, that while the girls seemed happy at the beginning of their visit in August 2007, by the end of the visit, they did not want to be in the same room as Petitioner. The jury found Petitioner guilty of all charges.

## II.   STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a claim has been adjudicated on the merits in state court proceedings, a writ for habeas corpus shall not issue unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Parker v. Matthews*, 567 U.S. 37, 40 (2012).

A state-court decision involves an "unreasonable application" of clearly established federal law if the state court (1) identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case; or (2) unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *See Williams v. Taylor*, 529 U.S. 362, 407 (2000). Federal courts must follow a highly deferential standard when evaluating, and thus give the benefit of the doubt to, state court decisions. *See Felkner v. Jackson*, 562 U.S. 594, 598 (2011); *Eley v. Erickson*, 712 F.3d 837, 845 (3d Cir. 2013). A state court decision is based on an unreasonable determination of the facts only if the state court's factual findings are objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Moreover, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e); *see also Rice v. Collins*, 546 U.S. 333, 339 (2006) (explaining the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence); *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001) (noting factual determinations of state trial and appellate courts are presumed to be correct).

### III. DISCUSSION

Petitioner raises four grounds for relief in the Petition: (1) trial counsel provided ineffective assistance by failing to investigate, address, or otherwise properly provide a legal defense;[2] (2) the trial court erred in denying Petitioner's request to try the offenses against each

---

[2] Ground One also asserts that the trial court erred in denying Petitioner an evidentiary hearing during the post-conviction relief proceeding, which is not a cognizable federal habeas claim. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's

3

victim separately; (3) trial counsel was ineffective because he failed to challenge the credibility of the victims, who testified at trial; and (4) trial counsel was ineffective by advising Petitioner not to testify. Because Petitioner provides no factual allegations in the Petition to support his claims, the Court presumes that they are the same claims raised in state court, and reviews them accordingly. The Court addresses each of these grounds below.

### A. Ground One

Because the Petition is devoid of any factual allegations to support Ground One, and Petitioner's Reply brief provides few additional facts, the Court has also reviewed Petitioner's brief in his post-conviction relief ("PCR") proceeding. *See* ECF No. 10-7. Beyond the ineffective assistance of counsel claims raised in Grounds Three and Four, Ground One correlates with Petitioner's PCR claim that counsel failed to investigate, interview, and call a certain witness, Lorenza Gonzalez, who was allegedly available to testify on Petitioner's behalf. *Id.* at 16–20. As Petitioner argued in his PCR claim, "[d]efendant wanted Ms. Gonzalez called as a witness because she not only could have substantiated that he was not alone with the alleged victim at that time, but she also would have corroborated the defendant's mother's trial testimony." *Id.* at 16.

Denying this claim, the state court held that:

In his PCR submission, defendant included an unsworn statement from the family friend, whom he now claims his counsel should have called to testify at trial. However, in addition to being unsworn and hence not legally competent as evidence on a PCR petition, the friend's statement did not identify the day or date on which she was present in the house. Moreover, the statement contradicted the testimony of defendant's mother and the girls' mother in significant respects.

In fact, the friend appeared to be describing an entirely different evening than that described by either of the other two witnesses. According to the latter, after

---

*collateral* proceeding does not enter into the habeas calculation."); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[A]lleged errors in collateral proceedings . . . are not a proper basis for habeas relief from the original conviction. It is the original trial that is the 'main event' for habeas purposes.").

>returning from the parade late at night, everyone in the house went to bed. However, the friend described an evening on which defendant and the girls' mother got dressed and went out for the evening, leaving the children in the apartment with the friend and defendant's mother. We therefore cannot agree with defendant's argument that his counsel was ineffective in failing to call the friend as a witness. Moreover, on this record, the friend's testimony would not have changed the outcome of the trial if she had been called as a witness.

ECF No. 10-12 at 7–8.

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of that right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *See id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all of the relevant circumstances, the identified errors fell "below an objective standard of reasonableness." *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014) (citations omitted). "Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the [case] would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083.

As Petitioner offers virtually no supporting factual allegations, exhibits, or additional evidence, the Court must accept the state court's factual findings regarding the nature of Gonzalez's testimony as true. *See* 28 U.S.C. § 2254(e). If Gonzalez's testimony was indeed

significantly different than the testimony of Petitioner's mother and the victims' mother, then it could not have served to corroborate their testimony. Not only would the differences between their testimony call into question the credibility of Gonzalez's testimony, such differences also may have damaged the credibility of the testimony given by the mothers. Indeed, if Petitioner was not home as Gonzalez claimed, that obviously was an important fact the mothers should have recollected. Assuming Petitioner did inform counsel of Gonzalez's availability and what she was willing to testify to, counsel was not ineffective for rejecting testimony that was inconsistent from the testimony of other key witnesses. Furthermore, it is clear that had counsel proffered Gonzalez's testimony at trial, the outcome of the trial would not have changed. Accordingly, the Court finds the state court's holding to be a reasonable application of established federal law, based on a reasonable determination of the facts, and relief on this ground is denied.

### B. Ground Two

In this ground, Petitioner argues that the trial court erred when it denied his motion to sever the trial so that the offenses against each victim could be tried separately. The state court found that "the offenses were of sufficiently similar character so as to be tried together. R. 3:15-2. [Under] a *Cofield* analysis, [it is] determined that no prejudice would result from trying the charges together because 'the evidence of the offenses sought to be severed would be admissible under N.J.R.E. 404(b).' *See State v. Cofield*, 127 N.J. 328, 338 (1992)." ECF No. 10-4 at 5.

"Improper joinder does not, in itself, violate the Constitution. Rather, misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his . . . right to a fair trial." *United States v. Lane*, 474 U.S. 438, 446 n.8 (1986). Denial of a motion to sever violates due process "only if there is a serious risk that a joint trial would compromise a specific right of . . . the defendant[], or prevent a jury from making a reliable

6

judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Moreover, "a fair trial does not include the right to exclude relevant and competent evidence." *Id.* at 540.

Although the state court's decision was mostly based on state law, it was nevertheless a reasonable application of established federal law based on a reasonable determination of the facts. *See Harrington v. Richter*, 562 U.S. 86, 98 (2011) (holding that the state court need not cite applicable Supreme Court precedents). As the state court correctly found, Petitioner's due process rights did not entitle him to exclude otherwise admissible evidence from trial, even if the charges had been severed. Here, almost all of the evidence against Petitioner was intertwined between the abuses committed against both victims, because both abuses occurred during the same time period, and were reported to all relevant witnesses at once (including the victims telling each other about the abuses they suffered individually). In fact, even the testimony of the mothers, proffered in Petitioner's favor, was applicable to both victims, because they were in the same house at the same time. As such, whatever prejudicial effect Petitioner may have been trying to prevent by severing the cases was minimal, as the jury would have been exposed to substantially similar evidence at both trials. Accordingly, Petitioner has failed to establish that the state court's decision was unreasonable, and relief on this ground is denied.

### C. Ground Three

In this ground, Petitioner asserts that counsel was ineffective because he failed to challenge the credibility of the victims who testified at trial. Petitioner's claim in state court was based on his contention that one of the victim's testimony at trial was inconsistent with the record. Specifically, Petitioner contended that the victim's testimony that Petitioner digitally penetrated her was inconsistent with both a report from the Department of Youth and Family Services

7

("DYFS") and the statement she made to her guidance counselor that showed that she had reported no digital penetration at the time. The state court held that:

> We find defendant's arguments unconvincing for several reasons. First, it is clear from the trial record that the defense strategy was to convince the jury that defendant did not molest either of [the victims] in any way. It would have been inconsistent with that strategy to focus on the allegation of penetration, in the hope that defendant could avoid a conviction on the most serious count of the indictment.
>
> Second, from the beginning of the trial, defense counsel had strenuously, and successfully, attempted to limit the amount of . . . evidence that would come before the jury. If the defense had either called the guidance counselor as a witness or used the DYFS report to cross-examine [the victim], it would have opened the door to the State introducing additional [evidence]. Finally, the DYFS document could not have been disclosed to the jury during [the victim]'s cross-examination, because the report of her alleged statements constituted inadmissible, second-hand hearsay. Consequently, we reject defendant's claim of ineffective assistance of counsel as to the DYFS report and the guidance counselor.

ECF No. 10-12 at 5–6.

The Court finds the state court's decision to be a reasonable application of established federal law based on a reasonable determination of the facts. As summarized above, counsel introduced testimony from the mothers to show that Petitioner was not alone with the victim, as she claimed, when one of the alleged abuses occurred, in support of the argument that the abuse could not have happened. Indeed, Petitioner himself, in Ground One, argues that counsel was ineffective because he failed to proffer additional testimony from Gonzalez to the same effect. Yet here, Petitioner argues that counsel was ineffective for failing to proffer the DYFS report and the statement to the guidance counselor, even though they both would have contradicted the testimony of the mothers as well as Gonzalez. While the report and the statement may have shown that there was no digital penetration, they both provided support for a finding that Petitioner molested the victims. Petitioner's grounds for relief logically contradict each other, a contradiction that counsel probably realized. Thus, counsel likely made a strategic decision, one Petitioner seemingly did

8

not disagree with or object to, to assert the innocence defense over the lesser-offense defense, which precluded the use of the DYFS report and the statement to the guidance counselor.

> When the claim at issue is one for ineffective assistance of counsel . . . AEDPA review is "doubly deferential," because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt."

*Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citations omitted). Therefore, the state court's finding, that counsel was not ineffective, was reasonable, and relief on this ground is denied.

### D. Ground Four

Finally, Petitioner asserts that counsel was ineffective because he instructed Petitioner not to testify but did not adequately advise Petitioner of the consequences, which led Petitioner to make an uninformed decision not to testify. To be sure, Petitioner is not claiming that he was not notified by counsel of his right to testify—indeed, the state court found that the trial court conducted a proper colloquy to ensure Petitioner was well aware of his right to testify. ECF No. 10-12 at 8; *see also* ECF No. 10-21 at 15. Instead, Petitioner argues that he was persuaded by counsel's advice that testifying would result in the State's use of his prior drug conviction against him at trial, but contends that his decision was uninformed because counsel did not provide him with a detailed scenario of what would happen at trial. The state court held that the aforementioned colloquy sufficiently established that Petitioner's decision not to testify was knowing and voluntary. ECF No. 10-21 at 16. Moreover, it held there was no reasonable probability that the outcome of the trial would have been different. *Id.* at 17.

The Fifth Amendment guarantees that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. This right also includes the absolute right by a criminal defendant to testify on his own behalf if he chooses to do so. *See Rock v. Arkansas*, 483 U.S. 44, 51 (1987). The right to testify can be waived, but both the New Jersey

9

Supreme Court and the Third Circuit have held that this waiver must be knowing and voluntary. *See United States v. Leggett*, 162 F.3d 237, 246 (3d Cir. 1998); *State v. Savage*, 577 A.2d 455, 573 (N.J. 1990). Consequently, both courts have held that defense counsel has an obligation to inform and explain to a defendant his right to testify, and failure to do so constitutes ineffective assistance of counsel. *See Leggett*, 162 F.3d at 247; *Savage*, 577 A.2d at 473.

The Court finds that the state court's decision was a reasonable application of established federal law based on a reasonable interpretation of the facts, because Petitioner did not, and does not, establish that he suffered any prejudice from the alleged deficient performance of his counsel—that is, Petitioner does not establish that there is a reasonable probability the outcome of the trial would have been different. There is nothing in the record of what Petitioner would have testified to at trial, and Petitioner has not submitted any factual allegations, affidavits, or even a brief description of what would have been included in said testimony. Petitioner asks this Court to accept that had he testified, the jury would have believed him over the victims, and acquitted him of the crimes. Based on the record, it is unclear what Petitioner could have testified to that would have changed the outcome of the trial as he asserted an innocence defense through the mothers' testimony and the jury rejected this defense. In a federal habeas petition, it is Petitioner's burden to show his entitlement to relief, and he has not done so here as he has offered no new evidence to rebut the damning evidence presented against him at trial. *See Brown v. N.J. State Prison*, No. 15-5669, 2015 WL 6122156, at *1 (D.N.J. Oct. 16, 2015) ("A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court."). Thus, because Petitioner cannot show the state court's finding that he suffered no prejudice by choosing not to testify was unreasonable, relief on this ground is denied. Having denied all grounds for relief, the Petition is denied.

### E. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

### IV. CONCLUSION

For the reasons set forth above, the Petition is DENIED, and the Court DENIES a certificate of appealability.

**DATE:** March 12, 2021

s/ Claire C. Cecchi<br>
**CLAIRE C. CECCHI, U.S.D.J.**